## ADDISON COUNTY.

### January Term, 1837.

Present, Hon CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" SAMUEL S. PHELPS, } *Assistant Justices.*
" ISAAC F. REDFIELD,

Rodman Chapman *v.* Timothy C. Smith, Trustee of James H. Hoyt.

Addison,
January,
1837.

A mortgagee in possession, having obtained a decree of foreclosure, is not accountable, at law, to the mortgagor, for the rents and profits of the mortgaged premises, after such decree.

Nor is he accountable for the rents and profits before such decree, unless they were allowed by the master on taking the account.

The only remedy of the mortgagor, in such a case, is in equity.

*Quære.* Whether he has any remedy, except by a bill of review brought on the decree.

This was a trustee action. Judgment was rendered by the county court that Smith was trustee of Hoyt. The facts in the case sufficiently appear in the opinion of the court.

*C. Linsley and Starr & Bushnell, for Trustee.*

*E. D. Woodbridge and P. C. Tucker, for plaintiff.*

The opinion of the court was delivered by

Williams, Ch. J. We are called on to decide, in this case, whether, from the disclosure of Smith, he is to be adjudged trustee of Hoyt, or whether, in the language of the statute, he has in his possession any money, goods, chattels, rights or credits of said Hoyt. It appears from the disclosure, that the principal debtor mortgaged a house and lot in New Haven to Smith, to secure the payment of the sum of five hundred dollars, on

the 20th Sept. 1832, and, in lieu of the interest on the sum above named, put him in possession under a lease. Smith continued in possession of the premises mortgaged, from the time of the expiration of the lease, in September, 1832, to the 24th December, 1833 ; having, in the mean time, to wit, in January, 1833, procured a decree of foreclosure on his mortgage. In taking the account of the amount due on the mortgage, the interest on the sum due was included from September, 1832, and no account was taken of the rents and profits from the time of the expiration of the lease. The amount specified in the decree, including the interest, was paid, in pursuance of the decree, of foreclosure, in February, 1834. So that, in point of fact, Smith has occupied the premises from the 20th September, 1832, to December, 1833, without paying any rent therefor. There appears, therefore, an apparent equity in considering him as the debtor of Hoyt, for the value of those rents. This equity, however, if there is any such, cannot be inquired into in this action. If there is any remedy for Hoyt, it must be either by a bill of review, to correct the error in the report of the master, on which the decree was founded, or by some other process in equity, to compel Smith to account for the rents and profits. The decree is conclusive as to the amount due on the mortgage, which, of course, settles all questions as to the rents received by him before that time. Whether there is any such remedy in equity, is not in question before us in this case. From and after the expiration of the lease, Smith was in possession of the premises, as mortgagee, after condition broken, and, as such, entitled to the possession and the accruing profits. The estate of Hoyt, the mortgagor, was gone at law, and he had only an equity of redemption. He could maintain no action at law, against Smith, to recover the rents. No precedents are found for any such action, nor are any intimations any where given, that any such action could be maintained. On the contrary, it is very apparent that his only remedy was to pay the debt, and to be reinstated in his title, and if he intended that the mortgagee should be accountable for the rents and profits, to compel him in equity to account therefor.

As we consider that Smith was lawfully in possession of the mortgaged premises; that he was accountable for the rents and profits in equity ; that the account, between him and the mortgagor of the amount due on the mortgage, having been once ta

ken by the master and accepted by the court of Chancery, was conclusive between Smith and Hoyt, up to the time of making the decree. And, as Hoyt failed to pay the amount of the decree immediately, but permitted Smith to remain in possession, Smith cannot now be considered as indebted to Hoyt, or as having any rights or credits of Hoyt, liable to be taken by the creditors of Hoyt, in this action. If Smith has received any thing further than he was equitably entitled to receive, it has been by the permission and voluntary act of Hoyt, or those claiming under him. The case of *Gould* v. *Tancred*, 2 Atk. 534, is an authority against the views entertained by the counsel for the plaintiff. The judgment of the county court must, therefore, be reversed, and judgment entered that Smith is not the trustee of Hoyt.