GEORGE L. SEAVER AND OTHERS, *Executors of Timothy Morse, v.*
DURANT & ADAMS.

*Mortgagee in Possession. Rents and Profits. Waste. Covenant.
Nominal Plaintiff.*

The right of the mortgagor on redemption to call the mortgagee in possession to
account for rents and profits is an incident of the right to redeem, and must like
it be enforced at equity.

The right to hold the mortgagee responsible for waste which occurred during the
period of the mortgagee's possession, after condition broken, stands on the same
ground as the right to an account for rents and profits, and is only a right at
equity.

The law cannot imply that the mortgagor after redemption is entitled, in the mort-
gagee's name against his will, to sue for a breach of a covenant previously made
by a third party with the mortgagee in possession, relating to repairs; because
at law, it is not the mortgagor but the mortgagee in possession who is interested
in the estate and its repairs, and is entitled to damages for its mismanagement or
waste. The entire legal interest is in the mortgagee in possession after condition
broken.

M. the mortgagee in possession after default, let D. occupy under a covenant with
him by D. to keep the estate in repair. L. the mortgagor redeemed and sued
D. at law in M.'s name and against his will, but with an offer of indemnity for a
breach of this covenant which occurred before L. redeemed. *Held,* that the
action could not be sustained.

ACTION OF COVENANT. The case was heard upon a motion to
dismiss by the plaintiffs, at the Orange County Court, June Term,
1865, PECK, J., presiding. The court, *pro forma,* dismissed the case
in pursuance of the motion, holding that Geo. A. Low had no legal
right to maintain this suit in the name of the nominal plaintiffs with-
out their consent, and on the terms proposed, to which decision Low
excepted. The facts are sufficiently stated in the opinion of the
court.

*C. W. Clarke,* for Low.

I. The covenants were made for the sole benefit of the property,
and so far the benefit of the party who should redeem, and there was
privity of estate and privity of contract between Morse and Low.

1. Low had a direct interest in the estate, subject to set off on
execution, and although strictly speaking regarded in law as only an

equitable interest, yet in equity he was the real owner ; but courts of law will, in modern times, take notice of an equity, and protect it. The relation of landlord and tenant existed between them as mortgagor and mortgagee. Morse was accountable for rents, and if not strictly bound to keep the premises in repair, he was liable for waste. The covenant to keep in repair is one annexed to the land, and when made, was for the benefit of the interest Low had in the premises. Morse in contemplation of law held the legal estate, and this covenant was made with him for the benefit of the equitable estate of Low, as well as security against any claim which Low might have arising out of the conduct of the defendants with the property. 1 Parsons Con., 226, note M.

2. There was also privity of contract. The covenant was made to Morse for the express benefit of Low. In case of such contract not under seal the promise may be enforced in the name of the party for whose benefit it was made, for an express privity is created by the stipulation of the parties. 1 Chit. Pl., (1859) 4 ; *Feltmakers* v. *Davis*, 1 B. &. P., 102. *Pigott* v. *Thompson*, 3 B. & P., 147.

3. Morse, at the date of this indenture was in possession and control of the property to the present exclusion of Low, both having an interest ; and Morse was trustee of the property so far as Low's interest went. There resided in him a trust coupled with an interest. Morse could exercise no act of ownership over the property which might encumber the mortgagor before foreclosure, and in this contract he did not attempt to do so ; but it would be queer, being accountable for the rents and profits pending his foreclosure, and liable for waste, if he could not, while making provision for his own interest in the future, protect the interests of the mortgagor by just such a covenant as this. He desired to make sure of a chance of sale in case the estate fell to him, and at the same time provide for the surrender of the estate to Low in case of redemption without waste or damage, and so relieve himself from charge on account of the conduct of the defendants, if Low might choose to pursue the covenant.

Morse being trustee of Low, he dealt with the estate in procuring this covenant as his agent, and having assumed so to deal, he ought

to be estopped to deny the use of his name to compel that covenant to be made good.

*Wm. Hebard*, for the defendants.

*Leslie & Rogers*, for the nominal plaintiffs and defendants.

The opinion of the court was delivered by

STEELE, J. This is an action of covenant and comes here upon a motion to dismiss, founded upon an agreed state of facts to determine whether George A. Low, may, by giving indemnity, prosecute this suit in the name of the plaintiffs, contrary to their will for his own benefit. Timothy Morse, the plaintiffs' testator was the mortgagee in posession after condition broken, of certain real estate, of which Low owned the equity of redemption. Morse covenanted with the defendants to deed it to them if Low did not redeem it, and to let the defendants occupy it without rent until by bringing a bill to foreclose, it could be determined whether Low would redeem or not. The defendants on their part covenanted with Morse to pay him a certain price for the estate, if Low did not redeem, and to keep it in repair while they should occupy without paying rent. Low did redeem and now claims that the defendants broke their covenant with Morse, the mortgagee, relating to repairs, by allowing the place to run to waste, before his redemption, and he asks through Morse's name to enforce for his own benefit the collection of damages for the breach of this covenant.

After the law day had expired and the mortgagee had taken possession, Low had no legal interest in the land. The right to acquire a legal interest by redemption he could only enforce at equity. The incident to the right to redeem is the right on redemption to call the mortgagee to account for the rents, profits and management of the land while he was in possession. The incidental right cannot be enforced in a court in which the principal right to which it is incident has no footing. Mr. Low, the mortgagor, cannot sue the mortgagee in a law court to enforce his claim for rents and profits. This was decided in *Chapman* v. *Smith*, 9 Vt., 153. His claim for waste

7

which occurred while the mortgagee was in possession stands upon the same ground. 2 Story Eq. Jur., § 914, *et passim.* 2 Perkins Dan. Ch. Pl. and Pr., p. 1238 *et passim. Farrant* v. *Lovell,* 3 Atk., 723. *Dexter* v. *Arnold,* 2 Sum. C. C. Rep., 124–30. *Givens* v. *Mc-Calmont,* 4 Watts, 464. *Gordon* v. *Hobart,* 2 Story, 242–62.

Being without remedy at law against the mortgagee he can stand in no better position as against the tenant of the mortgagee, unless he can avail himself of this contract relating to repairs between the tenant and the mortgagee. The law cannot aid him to this, for at law it is not Low but Morse who has an interest in the repairs of the estate and a right to damages for its mismanagement during the time Morse was a mortgagee in possession. A law court cannot decree to the mortgagor the benefit of this contract. As there is no claim that the contract was assigned to Low by Morse, the case stands simply on the question of what the law will imply from the relation of the parties, and we think no implication arises upon which the action can be sustained.

The judgment of the county court dismissing the suit is affirmed.