ALBERT G. DEWEY *v.* GEORGE W. BROWNELL.

[IN CHANCERY.]

*Repairs made by a Mortgagee in Possession, or by his Grantee, when not a Charge on the Premises.*

1. The assignee of a mortgage obtained a decree in a foreclosure proceeding without making the defendant, who had purchased the equity of redemption, a party; and, after the decree became absolute, conveyed the premises by warranty deed to the orator. The orator took possession, made necessary repairs, and, after discovering the true state of the title, brought a petition, setting up only the same mortgage debt which the assignee had in her petition, obtained a decree against the defendant for the amount due on the mortgage, and the defendant paid it within the limited time. Another bill being brought, to compel the defendant to pay for the repairs, or, to make them a charge upon the real estate. *Held,* on demurrer, that the bill should be dismissed; that the decree was conclusive of the amount due on the mortgage; and, that the orator, if he claimed that the repairs were a lien upon the premises, should have set it up in his petition to foreclose the mortgage.
2. The orator stands as a mortgagee in possession before a foreclosure; and the defendant having paid the amount of the decree was entitled to the possession. The payment was a redemption of the premises.
3. The betterment act does not apply to this case as now made.

HEARD on demurrer to the bill, May Term, 1881. TAFT, Chancellor, overruled the demurrer, and ordered that an account be taken by a special master of the repairs made to the premises by the orator, and when ascertained, to deduct therefrom the value of the use and possession of the premises while occupied by the orator ; and after such deduction, the defendant to pay the amount of such repairs, less such deduction, to the orator, on or before the 30th day of May, 1882, with interest from the date of the decree to the time of the payment.

The bill alleged that the orator expended about the sum of $400 in repairing the premises after he purchased them ; that the repairs were necessary to preserve the property ; that the orator was ignorant of the defendant's interest, and supposed that he himself was the sole owner. The other facts appear in the opinion.

*Norman Paul*, for the defendant.

The orator has a complete remedy at law against his grantor. Courts of Chancery will not entertain suits to collect debts where the remedy at law is adequate. Story Eq. Pl. s. 473 ; Story Eq. s. 1238 ; *Wing, Admr.*, v. *Hall*, 44 Vt. 118 ; 38 Vt. 139 ; 45 Vt. 307 ; 47 Vt. 313. The statute of betterments does not apply. R. L. s. 1260. The record of defendant's deed was notice to everybody. Jones on Mort. 1, ss. 572, 591. The defendant has a prior and better right. Kent Com. 4, 203 ; Story Eq. ss. 403, 404 ; 17 Vt. 329 ; 25 Vt. 273 ; 39 Vt. 532 ; *Torrey* v. *Deavitt*, 53 Vt. 331 ; 1 Johns. Ch. 394.

The orator can have no greater right to enforce his claim for repairs than a mechanic who files his lien for labor performed and materials furnished. Under the statute, courts have uniformly held that such lien is subject to all incumbrances resting on the property at the time the lien was filed. *Kenney* v. *Gage et al.*, 33 Vt. 302 ; *Iron Co.* v. *James & Stetson*, 51 Vt. 240.

The right of a mortgagee in possession to recover for expenditures made on the mortgaged property is confined to necessary repairs, and limited to those made before foreclosure proceedings are commenced. He cannot recover for those made afterwards.

The facts set forth in the orator's bill do not bring this case within any known rule of equity authorizing compensation to be made to a mortgagee in possession for money expended in making repairs. Hilliard on Mort. 1, 452 ; Kent Com. 4, 192 ; 34 Vt. 318 ; 2 Pick. 505 ; 18 Ark. 34 ; 12 Reporter, 51 ; 14 Vt. 501 ; 6 Paige 390 ; 2 Ves. 453 ; 10 Pick. 398 ; 14 Gray, 132 ; 1 Story 478.

*William E. Johnson* and *Warren C. French*, for the orator.

If the orator is regarded as a mortgagee in possession, it was his duty to make necessary repairs to protect and preserve the property ; and for such repairs he is allowed. Hilliard on Mort. 1, 460 ; 34 Vt. 318, 321 ; 1 Johns. Ch. 385 ; Kent Com. 4, 193, 194 ; 14 Gray, 132. The orator made the repairs in good faith, supposing he owned the property. If the defendant had brought ejectment, the orator would have been entitled to pay for his betterments. G. S. p. 339, s. 15.

If the orator bought the premises in good faith, supposing he acquired a good title, and made the repairs, the fact that defendant had a deed and it was on record will not prevent the orator from recovery for such betterments. *Whitney* v. *Richardson*, 31 Vt. 300.

In equity, the orator should at least have as full remedy as at law, for his betterments. He cannot be compelled to await the action of the defendant in bringing a suit in ejectment, which he might delay many years.

The opinion of the court was delivered by

Powers, J. The facts stated in the bill are by the demurrer conceded to be true.

It appears that Mrs. Gilbert, holding the mortgage upon the premises in question, brought her petition for a foreclosure thereof against Frederick G. Brownell and William H. Brownell, the original mortgagors, not knowing that they had then quit-claimed their equity of redemption to this defendant. Mrs. Gilbert's claim became absolute, but was not binding on this defendant. The orator took a conveyance of the premises of Mrs. Gilbert after her decree became absolute, in ignorance of the fact that this defendant held the equity of redemption, although the defendant's deed thereof was duly recorded long before Mrs. Gilbert foreclosed her mortgage. After his purchase the orator went into possession and made the repairs and improvements which he now seeks to charge upon the land.

After making such repairs and improvements he discovered the record of the defendant's deed, and thereupon brought his petition to foreclose against the defendant, setting forth the same mortgage debt as Mrs. Gilbert had set forth in her petition of foreclosure, but making no claim for his repairs and improvements. He obtained in due time a decree for the payment of the mortgage debt declared for, which the defendant paid within the limited time.

In this bill the orator asks for a decree that the defendant pay his claim for the repairs and improvements, and in default thereof for a foreclosure. The orator taking possession under his deed from

Mrs. Gilbert, stood as to this defendant as mortgagee in possession before a foreclosure. He was accountable for the rents and profits, and might make reasonable repairs and necessary improvements, at the charge of the mortgagor.

When he brought his petition to foreclose, he might make his claim for such repairs and improvements, and carry the same into the accounting of the sum due in equity to be paid on redemption.

The liability of a mortgagee in possession before foreclosure to account to the mortgagor for the rents and profits of the mortgaged premises, and the right to be allowed for proper repairs or improvements, stands upon the same equitable ground and are each an incident of the account taken to ascertain the sum which, in equity, the mortgagor should pay to redeem the land. In taking the account, the rents and profits should primarily be applied in extinguishment of the claim for repairs, and any excess of rents and profits should be applied in payment of the mortgage debt.

If the repairs are not thus paid in full, the excess may be added to the mortgage debt.

The right to carry these items into the accounting does not, however, grow out of the mortgage itself, but is an equity arising *ex post facto* from the stewardship of the mortgagee over the mortgaged premises. It flows from his rightful *possession* of the premises, which he holds in trust, not only to *preserve* the estate, but to apply its income in satisfaction of his debt. His tenure is at all times subservient to the mortgagor's right of redemption. But if the mortgagor redeems, he must *do* equity if he would *have* equity. He can at any time regain possession by paying his debt. If he neglects this, he ought to account for all proper expenditures which have been necessarily incurred through his default.

It is thus seen that the allowance for repairs and improvements is not properly a part of the *mortgage debt*, secured by the mortgage, but is an equitable charge for the administration of the estate, that is payable only on redemption. It is not like the mortgage debt, an independent claim for an account, but attaches incidentally to an accounting *of* the mortgage debt, either in proceedings to foreclose, or under a bill to redeem.

If an account of the mortgage debt be taken, and no claim be interposed for repairs and improvements, nor deduction claimed for rents and profits, and a decree is passed thereon, such decree is *conclusive* of the sum required of the mortgagor as the price of redemption. And on payment of this sum as ordered by the decree, the premises are *eo instanti* relieved of the lien of the mortgage, and the mortgagor is entitled to the possession. The decree, so far as the account, and the right of redemption are involved, has the conclusive effect of a judgment. In *Chapman* v. *Smith*, 9 Vt. 153, it appeared that in a foreclosure proceeding, no account had been taken of certain rents and profits which were properly chargeable to the mortgagee, and the mortgagor had redeemed by paying the amount ordered by the decree. It was attempted in a trustee process to hold the mortgagee as the debtor of the mortgagor for these rents and profits omitted in the accounting under the foreclosure proceedings. The court held that the suit could not be maintained at law; but in the opinion discuss the effect of the decree in the former proceedings. Says WILLIAMS, Ch. J. : " The decree is conclusive as to the amount due on the mortgage, which, of course, settles all questions as to the rents received by him before that time " ; and further on in the opinion he says : " We consider that the account between him (the mortgagee) and the mortgagor of the amount due on the mortgage, having been once taken by the master and accepted by the Court of Chancery, was conclusive between Smith and Hoyt, up to the time of making the decree." The court in that case intimated that if the mortgagor had any remedy it was a bill of review to correct the decree.

The same doctrine was advanced by Lord HARDWICK in *Gould* v. *Tancred*, 2 Atk. 533, where the mortgagor after decree sought to correct the account between him and the mortgagee in possession. See also *Wortley* v. *Birkhead*, 3 Atk. 809.

No case has been cited that warrants a bill of this character, to charge a mortgagor, after a decree of foreclosure against him and payment of the sum found due on an accounting, with a further payment for repairs and improvements disconnected from the mortgage debt, and in default thereof for a further foreclosure of the

same land that he has once redeemed from the burden of the mortgage.

The mortgagor could never read his title clear, if the mortgagee were thus allowed to disintegrate his claim, and multiply costs as well as suits.

The decree taken by the orator in his foreclosure proceedings conclusively settled the amount due him under the mortgage, and until that decree is set aside by some proper proceeding brought for the purpose it is a finality.

What rights, if any, the orator may have in an action at law, under our Betterments Act, is a question not arising in the case before us.

The decree of the Court of Chancery is reversed and the cause remanded, with directions to enter a decree dismissing the bill, with costs.