Hill *v.* Hill.

---

## HENRY C. HILL *v.* IRA AND H. H. HILL.

### *Injunction Bond. Damages. Mortgage.*

In an action on an injunction bond executed by a mortgagor on the granting of an injunction suspending the operation of a decree of foreclosure, the plaintiff mortgagee cannot recover for timber sold from the premises, or for the rental value of the premises, during the pendency of the injunction and before the decree becomes absolute, when there is no redemption, and the value of the security is greater than the mortgage debt.

ACTION on an injunction bond. Heard on a referee's report, August Term, 1885, Grand Isle County, ROYCE, Ch. J., presiding. Judgment for the defendant.

The referee allowed the plaintiff $250, the rental value of the premises; $10 for cedar taken from the premises by the defendant during the pendency of the injunction; $25 for loss of pasturage, and delay in his spring's work in 1879; and found that the premises were worth $4,120, and that the decree amounted to $2,125.

*Wilson & Hall,* for the plaintiff.

By virtue of the first decree the defendant's equity of redemption expired November 29, 1876; and if he failed to pay the amount the title would become absolute in the plaintiff. *Wright* v. *Lake,* 30 Vt. 206; *Mason* v. *Gray,* 36 Vt. 311. By reason of the injunction the plaintiff was prevented from taking possession of the premises, and was deprived of the rents and profits. The injunction was dissolved; therefore, the plaintiff has a good cause of action. Hill. Inj. 56, 67; *Sturgis* v. *Knapp,* 36 Vt. 486; *Center* v. *Hoag,* 52 Vt. 401; *Campbell* v. *Tarbell,* 55 Vt. 455; *Lillie* v. *Lillie,* 55 Vt. 471; *Barton* v. *Fiske,* 30 N. Y. 166; *Silsbe* v. *Lucas,* 53 Ill. 479.

When the defendant neglected to redeem on or before November 29, 1876, his legal and equitable rights depended wholly on his success in the injunction bill. *Loomis* v. *Brown,* 16 Barb. 325; *Carpenter* v. *Millard,* 38 Vt. 9. This action is within the provisions of section 942 R. L. *Williams* v. *Wilson,* 1 Vt. 266; *Marvin* v. *Bell,* 41 Vt. 607.

*Jed P. Ladd,* for the defendants.

The plaintiff is entitled to recover, if at all, only so much as is equitably due. R. L. s. 942. The bond created no new indebtedness; it is simply an additional security. The principal thing was the debt evidenced by the note. Both the

bond and the mortgage were incidents to this debt. 4 Kent Com. 193. The mortgagee, after a decree of foreclosure has expired, is considered as a purchaser of the estate in satisfaction of his debt. *Thomas* v. *Warner,* 15 Vt. 110 ; *Woodstock Bank* v. *Lamson*, 36 Vt. 118 ; 26 Vt. 308 ; 3 Vt. 581. It having been found that the plaintiff has received more than his indebtedness he cannot recover.

*Edson, Cross & Start,* for the defendants.

Formerly the whole penalty of a bond was recoverable ; but as early as 1797, the legislature interfered, and allowed no man to take more than in equity and good conscience he ought to. The Act of 1797 is section 942 of the Revised Laws. The question is one of novel impression, and must stand upon the broad principles of equity and our statute. The debt is the principal thing, and the mortgage merely accessory. The legal title vests in the mortgagee only for the protection of his *interest.* Why should he take more than his debt?

The opinion of the court was delivered by

Ross, J. The plaintiff seeks to recover upon the injunction bond, as damages occasioned by the injunction, the rental value of the premises during the pendency of the injunction. He had procured a decree of foreclosure against the defendant, Ira Hill, of the premises, the rental value of which is sought to be recovered, which would become absolute November 29, 1876. On the 14th of November, 1876, the defendant, Ira Hill, brought a bill of review in the foreclosure suit, and procured an injunction therein, against the plaintiff, forbidding him from doing anything to enforce, and suspending the operation of the decree of foreclosure during the pendancy of the injunction. The bond in suit is conditioned for the payment, by the defendant to the plaintiff, of such damages and costs as he should sustain by reason of the injunction. The injunction suit was finally dismissed in February, 1879, and a final decree therein then made by agreement of the parties, giving the

defendant, Ira, until June 1, 1879, to redeem the premises. The amount due the plaintiff under the decree when the injunction was granted was $1,767.38, with interest from February 29, 1876 to November 14, 1876, and the amount due thereon June 1, 1879, was $2,125. The plaintiff contends that he was entitled to, and kept out of, the use of the premises from November 14, 1876, to June 1, 1879, by the injunction, and for that reason he suffered as damages from the granting thereof the rental value of the premises during that time. This contention assumes that he was enjoined from taking possession of the mortgaged premises under his mortgage by the injunction. This assumption is not found to exist by the referee; but that he was enjoined from enforcing the decree pending the injunction, and during that time the operation of the decree was suspended. By suspending the operation of the decree, we understand that the the time of redemption limited by the decree did not run during the pendency of the injunction. When the injunction was dissolved by the final decree dismissing the injunction suit, the defendant had fifteen more days in which to redeem the premises, without the extension of the time of redemption, to June 1, 1879. Hence, during all the time for which the plaintiff seeks to recover the rental value of the mortgaged premises, the defendant, Ira, was not foreclosed of his right to redeem the premises by paying the amount due by the decree, with interest, and the plaintiff's mortgage debt was, during all that period, drawing interest. The plaintiff also had the right, during that time, to take peaceable possession, if he could, of the mortgaged premises, because of condition broken, and because, at law, he was the owner of the premises. But if he had taken possession he would have been liable to account to the defendant upon the mortgage debt for the rents and profits received. The contention of the plaintiff also assumes that, but for the injunction, the defendant, Ira, would not have redeemed the mortgaged premises before the original decree of foreclosure would have expired November 29, 1876. He makes this assumption because the defendant, Ira, did not

finally redeem. But this assumption cannot legally be made in the absence of any finding by the referee in regard thereto. It does not follow because the defendant Ira did not redeem on or before June 1, 1879, when he would have had to pay $2,125, that he would not have redeemed before November 29, 1876, when he would have had to pay only $1,767.38, with interest from the 29th day of the preceding February. The right of the plaintiff to the rents and profits derived from the premises during the pendency of the injunction suit may be further tested. Suppose the plaintiff had taken peaceable possession of the premises November 14, 1876, when the injunction was granted, he would then have been in possession, not under his decree, but under his mortgage, for condition broken, and liable to account for rents and profits received. If he had not applied on and in reduction of the sum due in equity, the sum thus received, the defendant Ira would have had good ground for having the decree opened, and further time given him to redeem. Rents and profits received before the foreclosure becomes absolute, by the mortgagee in possession, between the mortgagor and mortgagee, are payments on the sum due in equity, and must be applied in reduction of the debt secured by the mortgage. If not so applied they cannot be recovered back from the mortgagee by the mortgagor. *Chapman* v. *Smith*, 9 Vt. 153 ; *Seaver* v. *Durant*, 39 Vt. 103. But as the right to redeem did not terminate until June 1, 1879, if the plaintiff had been in possession, taking the rents and profits from November 14, 1876, he would have been liable to account therefor to the defendant Ira on the debt secured by the mortgage ; and if he had not so accounted, and applied the rents and profits received in reduction of the mortgage debt, it would have been a good cause in equity for opening the decree, making the application and allowing the defendant Ira to redeem. During all that time the plaintiff was entitled to interest on the debt secured by the mortgage. If the plaintiff in equity would have been liable to account for and apply the rents now found by the referee, if he had been

in possession and received them, it follows that he has not lost such rents by the granting of the injunction, and that such loss was not a damage caused him by the injunction. Hence, we hold that he is not, under the facts found, entitled to recover the several sums found by the referee as rents of the mortgaged premises. Until the equity of redemption had expired, and the foreclosure became complete, the mortgagor was entitled to the use of the mortgaged premises, although the condition of the mortgage had been broken, unless the mortgagee obtained peaceable possession, and in that way took the rents and profits to apply in reduction of the debt secured by the mortgage ; or unless he brought a suit in ejectment, in which case he could have recovered the rents and profits, after notice to the mortgagor to surrender the possession to him ; or after bringing the suit in ejectment without such notice ; but in such a case, if the mortgagor had applied to be allowed to redeem, under the statute, the rents and profits so recovered as damages, if paid by the mortgagor, would be deducted in ascertaining the sum which the mortgagor must pay to redeem. But if the mortgagee proceeds by foreclosure instead of by ejectment, and the mortgagor remains in possession, the rents and profits of the mortgaged premises belong to the mortgagor until the mortgagee is entitled to a writ of possession under and in enforcement of the decree ; and the mortgagee, in the meantime, receives interest on his debt. The mortgaged premises, if not redeemed, are then taken in payment, in full or *pro tanto*—if insufficient to pay in full—of the debt secured by the mortgage. If the mortgaged premises are insufficient to pay in full, the mortgagee's remedy is by suit for the balance of the debt secured by the mortgage. As the referee has found that the mortgaged premises, on June 1, 1879, when the decree of foreclosure became absolute, were of greater value than the amount of the plaintiff's debt, he has not had his security diminished by the delay occasioned by the injunction so that it has become insufficient to pay his debt in full. Payment in full of the debt secured was all that the mortgage secured to

the plaintiff. As he has received that he has received all that the mortgage secured to him. If it had been found that by reason of the delay occasioned by the injunction the plaintiff had failed to receive full payment of his debt out of the mortgaged premises, a different question would have been presented, which might have merited a different consideration. The same reasoning applies to his right to recover the $10 found by the referee as the value of the cedar taken from the premises by the defendant Ira during the pendency of the injunction. While at law he could have maintained an action to recover the value of the same, because, at law, the premises became his absolutely upon condition broken; when he proceeds by foreclosure in equity, he is only entitled to payment in full from the mortgaged premises, and this he has more than received, as found by the referee. Besides, as we have seen, it cannot be assumed that the defendant, Ira, would not have redeemed if he had not procured the injunction. TAFT, J., dissents.

The judgment of the County Court is affirmed.