SAMUEL HOWARD *v.* JED P. CLARK AND HENRY O. CLARK.

October Term, 1899.

Present: ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed August 30, 1900.

*Foreclosure on annulment of quitclaim deed and reinstatement of mortgage—
Accounting as by mortgagee in possession*—The orator, while holding a first mortgage upon a farm upon which there was a second mortgage of which he had neither actual nor constructive knowledge, was fraudulently induced by the mortgagor to take a quitclaim deed of the farm to satisfy his mortgage; but upon petition to the Court of Chancery such proceedings were had that in accordance with a mandate of the Supreme Court the quitclaim deed was decreed to be null and void, and the orator's mortgage and the notes secured thereby were decreed to be in full force, and the orator's mortgage was reinstated as a senior mortgage and foreclosed with the right to redeem in the mortgagor and the second mortgagee. Now, on the foreclosure accounting to determine what sum the second mortgagee must pay to redeem, the orator, or those holding under him, having in the meantime had possession of the farm in question, the orator must account, as a mortgagee in possession, for rents and profits.

*Accounting—Allowances in favor of orator—Decree entitled orator to interest on mortgage debt*—The decree of the Court of Chancery that the orator's mortgage notes were in full force imported the right to interest thereon as well as to the principal thereof.

*Accounting—Allowances in favor of orator—Orator entitled to benefit of permanent improvements*—Permanent improvements having been made in good faith by those holding under the orator, he and they believing that they had an absolute title to the property, and the second mortgagee having

forwarded this mistaken belief to the extent which the facts stated in the opinion disclose, the orator is entitled in the accounting to the benefit of such improvements.

*Accounting—Rule by which to determine value of permanent improvements*—If the cost of the permanent improvements exceeded the amount to which they had enhanced the value of the property, then the enhancement of value must determine the amount to be allowed the orator for such improvements. The value of the permanent improvements should be placed at such sum as the value of the premises was enhanced by such improvements made before the decision of the Supreme Court declaring the orator's mortgage to be in force and the quitclaim deed to him to be void.

*Accounting—Orator not entitled to interest on value of permanent improvements*—As the orator, or those holding under him, had the benefit of the permanent improvements, the orator is not, in the accounting, entitled to be allowed interest on the value of such improvements.

*Accounting—Allowances in favor of orator—Orator entitled to allowance for taxes paid, exclusive of taxes on improvements*—All taxes paid upon the property, exclusive of permanent improvements, whether paid by the orator or any one holding under him, should enter into the accounting in the orator's favor.

*Accounting—Allowances against orator—Rule as to estimating rents and profits*— Aside from the question of permanent improvements, the rule is treated as applicable that the mortgagee in possession is only bound to account for what he receives from the mortgaged premises, or for what he might receive therefrom by the use of fair and reasonable diligence and prudence, and that, when the mortgagor himself occupies, he will be charged with such sums as will be a fair rent for the premises without regard to what he may in fact have realized as profits from the use of them.

*Accounting—Rents and profits from permanent improvements not to be accounted for*—The orator should not account for the rents and profits of permanent improvements. He should account only for such rents and profits as he would have been chargeable with had the permanent improvements not been made.

*Accounting—Rents and profits during possession of orator's grantees*—A separate action will not lie for rents and profits in the case of a mortgagee in possession. They can only be recovered as an incident to the right to redeem, and for this reason, if for no other, the orator must account for rents and profits covering a time when the property was in the possession of those holding under him, although in respect to the right to such accounting the second mortgagee stands in the same situation as the mortgagor.

*Former decision*—As preliminary to the questions here decided see this case,
71 Vt. 424.

CHANCERY. Decree of foreclosure rendered in accordance
with the mandate of the Supreme Court, Chittenden County,
March Term, 1899, *Taft*, Chancellor. For mandate see 71 Vt.
424. The sum to be paid on redemption was fixed at the
amount due on the orator's notes as found by the report of a
special master. The defendant Henry O. Clark appealed. Be-
fore the decree was rendered the above named Samuel Howard
died, but the title of the case remaining unchanged on the court
docket, he is herein designated as the orator.

*C. W. Witters* for the orator.

*Powell & Powell* for the defendant.

WATSON, J. December 10, 1883, the defendant Jed P.
Clark executed to the orator a primary mortgage of a farm in
Milton, Vt., to secure the payment of $4,000. September 8,
1892, he executed a mortgage covering the same farm, to the
defendant Henry O. Clark, to secure the payment of more than
$13,500. March 21, 1893, the orator, with neither actual nor
constructive knowledge of the mortgage to Henry O., was about
to foreclose his mortgage, whereupon Jed P. fraudulently in-
duced him to accept a conveyance of the farm, by quitclaim
deed, as payment of his mortgage debt, and in discharge of his
mortgage.

As to the orator, the transaction was held to be a fraud,
when the case was before this court as reported in *Howard* v.
*Clark*, 71 Vt. 424, the quitclaim deed was decreed to be null
and void, and the orator's mortgage and mortgage debt were re-
instated and decreed to be in full force. The question now pre-
sented is, whether, under the circumstances, upon redemption by
the second mortgagee, the orator shall be compelled to account as
mortgagee in possession, for the rents and profits of the farm.
He took possession of it under the quitclaim deed, and after-
wards contracted to sell it to one Murray who went into posses-

sion under his contract but received no deed. Murray, while in possession, sold his interest in the farm to E. D. Teachout, and conveyed it to him by quitclaim deed ; and subsequently, March 18, 1896, the orator sold and conveyed the farm to Teachout by warranty deed. At the time of this conveyance, the orator had no knowledge of the mortgage to Henry O., and did not learn of it until April 20, 1896, when he was informed by the attorney of Teachout. Teachout had no knowledge of it before the last named date, when he received a hint from Henry O., which led to a search of the title by his attorney and the notice by him to the orator. In June, 1893, Henry O. learned of the conveyance of the equity of redemption to the orator, and of the possession of the farm by him and by Murray, but gave them no notice of his mortgage, although at the time he took it, he knew of the mortgage to the orator, and that the debt secured thereby was unpaid. The purchase price for the conveyance to Teachout was $4800, and the farm was then worth that sum ; it was worth $4000 at the date of the quitclaim deed to the orator ; and it is now worth $8000. Teachout has built two cottages and one double house on the premises, the value of which is not included in the valuation of $8000, and he has sold five building lots from a part of the farm.

The general rule is that a mortgagee in possession must account for rents and profits when the sum due in equity is determined in a foreclosure proceeding ; and ordinarily the mortgagor's right to such an accounting is incident to his right of redemption. *Seaver* v. *Durant*, 39 Vt. 103 ; *Hubbell* v. *Moulson*, 53 N. Y. 228. But such an incident is not inseparable ; for the right to an account may be extinguished by a release,.or an accord and satisfaction ; or the neglect of the mortgagor in asserting his claim, may have been such as to render it unfair for him to insist on an account covering the whole time of possession, and unjust to the mortgagee to be compelled so to account. *Russell* v. *Southard*, 12 How. 139.

In the case cited, the mortgagee and those holding under him had been in possession for more than sixteen years, during all which time the mortgagor neglected to look to and assert his rights. The persons in possession treated the property as their own, and it greatly appreciated in value. The court held that the negligence of the mortgagor may have led to expenditures on the premises, the benefit of which would be lost to the ones making them, and that the interest on the mortgage debt and the account of rents and profits should commence with the filing of the bill.

In *Wright* v. *Parker*, 2 Aik. 212, and in *Hunt* v. *Tyler*, 2 Aik. 235, there being no evidence as to the value of the rents and profits, it was held that no account thereof should be taken while the mortgagee was in possession, nor of the interest on the debt during the same time.

In the case at bar, the defendant Henry O. Clark contends that the orator should account for the rents and profits not only during the time he was personally in possession of the premises, but also during the time of the possession by Murray and by Teachout. The orator contends that he has been greatly injured by the fraud practiced upon him by the mortgagor, by reason whereof, to be obliged to thus account would be so inequitable and unjust as to preclude the mortgagor from the benefits of such an accounting; and that as a subsequent mortgagee, in respect to his right to redeem a prior mortgage, stands in the same situation as the mortgagor, Henry O. is precluded therefrom.

It is true that a subsequent mortgagee, in this respect, stands in the same situation as the mortgagor, and is bound to pay the same sum in redemption that the latter would have to pay. 2 Jones on Mort. sec. 1118; *Harrison* v. *Wyse*, 24 Conn. 1, 63 Am. Dec. 151. But we think the orator's position is otherwise unsound. In the principal case, the court said that in granting relief to the orator, the mortgagor must, as far as possible, be restored to his rights with the privilege of redeeming the premises by paying the orator the sum found due in equity upon his mortgage with costs of suit; and in the decree, the orator's

28

notes and mortgage were declared to be in full force, as a senior encumbrance; and by that decree (which is binding upon the parties here), the orator is entitled to the interest, as well as the principal, due upon his notes, for, otherwise, he is not allowed the benefit of their full force. If a mortgagee is allowed interest on his debt while in possession, we know of no rule in equity by which it can be said that he shall not account for rents and profits received by him during the same time, unless the mortgagor's right thereto has been in some manner extinguished. To receive both without accounting for the latter, might result in the mortgagee's receiving very much more for the use of his money than the law allows as interest, which, for obvious reasons, would not be decreed by a court of equity.

If rents and profits could be recovered in a separate action brought for that purpose against a mortgagee in possession, there would be more force in the contention that such accounting cannot be had of the orator covering the time of the possession by Murray and by Teachout; but a separate action therefor will not lie. They can be recovered only in equity, and as an incident to the right to redeem. *Chapman* v. *Smith,* 9 Vt. 153; *Seaver* v. *Durant,* 39 Vt. 103; *Dewey* v. *Brownell,* 54 Vt. 441.

The orator in the last named case brought foreclosure proceedings, and the sum due in equity was established without his making any claim for repairs and improvements, and the same was paid within the time limited therefor. Subsequently, he brought his bill in the case referred to, praying for a decree that the defendant pay for the repairs and improvements. It was held that the decree in the foreclosure proceedings was conclusive upon the question of the sum due in equity, and that the bill could not be maintained. And it is said by Williams, Ch. J., in *Chapman* v. *Smith, supra,* that the decree is alike conclusive as to the account for rents and profits.

In *White* v. *Maynard,* 54 Vt. 575, the mortgagee conveyed the mortgaged premises by warrranty deed to a third person, and it was held that the mortgagee must account for the rents and

profits during the time his grantee was in possession under such conveyance.

For the same reason, if a mortgagee in possession transfers his mortgage to a third person who seeks to forclose it, such third person takes the mortgage subject to the equities existing in favor of the mortgagor against the mortgagee, at the time of the transfer; and in ascertaining the sum due in equity, he must account for the rents and profits received by the mortgagee, as well as by himself. *Ackerson* v. *The Lodi Branch R. R. Co.,* 31 N. J. Eq. 42.

The question then arises, upon what basis shall the accounting be had ? The ordinary rule is laid down in *Sanders* v. *Wilson*, 34 Vt. 318, thus : " A mortgagee in possession is only bound to account for what he receives or might receive from the mortgaged premises by the use of fair, reasonable diligence and prudence, and if the premises are rented, and rents lost by the failure of a tenant, without fault of the mortgagee, he is not held liable to account. But when the mortgagee himself occupies, and especially when the premises are a farm in cultivation, upon which labor and expenditure are to be bestowed, to produce annual crops, and profits, the mortgagee will be charged with such sums as will be a fair rent for the premises, without regard to what he may, in fact, have realized, as profits, from the use of it."

Sometimes, however, in order to do justice between the parties in adjusting the equities, it becomes necessary to take into consideration other important elements.

In the case at bar, when the orator contracted the premises to Murray, and when he sold and conveyed them to Teachout, he supposed and had reason to suppose that the fee was in himself with no incumbrance on the property. Teachout took a conveyance of the same, by warranty deed, believing he was thereby getting an absolute title, and he sold building lots from a part of the farm ; and cottages, one double house, and perhaps other buildings, were erected on the premises either by Teach-

out or by those to whom he sold the building lots, before the orator or Teachout learned that Henry O. Clark held a mortgage on the premises subsequent to the one given to the orator. Henry O. had knowledge that the debt to the orator was unpaid, and that the mortgage securing the same was in life and undischarged ; he learned of the quitclaim deed from the mortgagor to the orator, and had knowledge that the latter was in possession of the property, more than two and a half years before the conveyance to Teachout ; and he also had knowledge of Murray's possession ; but at no time gave them, nor anyone holding under them, notice of his mortgage.

Under these circumstances, permanent improvements were made in good faith by those holding under the orator, believing they had an absolute title to the property, and to allow the subsequent mortgagee seeking to redeem, to have the benefit of such improvements without making compensation therefor, would be inequitable and unjust.

Mr. Washburn in his work on real property, vol. 2, at page 583, says : " The rules upon this subject do not seem to be uniform. In some of the states a mortgagee is allowed to charge for beneficial and lasting improvements. And this is sometimes the case even in England. And such would probably be uniformly the rule where the mortgagee in making such improvements supposed himself to be the absolute owner, or the person who made them was an innocent purchaser, or did it by consent and agreement of the mortgagor."

In Jones on Mort. sec. 1127, it is said : "The ordinary rule in respect to improvements is that the mortgagee will not be allowed for them further than is proper to keep the premises in necessary repair ;" but (sec. 1128) "when the mortgagee makes permanent improvements, supposing he has acquired an absolute title by foreclosure, upon a subsequent redemption he is allowed the value of them, especially if the mortgagor has by his actions to any extent forwarded the mistaken belief * * * *. In like manner, a purchaser in good faith from the mortgagee in posses-

sion and with the assurance that he gave a perfect title, is entitled to allowance for improvements made by him thereon, although these consist of new structures." See also *Morgan* v. *Walbridge & Chase*, 56 Vt. 405; *Hadley* v. *Stewart*, 65 Wis. 481; *Meckles* v. *Dillaye*, 17 N. Y. 80; *Benedict* v. *Gilman*, 4 Paige 58.

But as the orator or those holding under him, have had the benefit of the rents and profits of the permanent improvements, they are not entitled to interest on the value of them; and the value should be placed at such sum as the improvements made before the decision of this court in the principal case, enhanced the value of the premises, and not at their cost, in case the cost exceeds the added value by reason thereof. *Hadley* v. *Stewart*, 65 Wis. 481.

Nor should the orator account for the rents and profits of such improvements. He should only account for such rents and profits as would have been received from the property without the permanent improvements. 1 Wash. Real Prop. 630; *Bell* v. *Mayor of New York*, 10 Paige, 49; *Moore* v. *Cable*, 1 Johns. Ch. 385; *Montgomery* v. *Chadwick*, 7 Iowa 134.

All taxes paid upon the property exclusive of permanent improvements, by the orator or any one holding under him, may properly enter into the accounting in the orator's favor. 2 Jones on Mort. sec. 1134.

In the accounting had before the master, the rents and profits were included only for the time the orator was personally in possession of the premises, and the questions of improvements and taxes paid, were not taken into consideration.

*The decree, therefore, will be reversed, and cause remanded with mandate to recommit the report, that an accounting may be had upon the basis herein indicated.*

*Thompson*, J., deceased before the disposition of the case.