COUNTY OF BENNINGTON *v.* TOWN OF MANCHESTER AND VILLAGE OF MANCHESTER.

Special Term at Rutland, November, 1914.

Present: POWERS, C. J., WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed January 9, 1915.

*Decree After Remand—Compliance with Mandate.*

On appeal in chancery in a suit by a county against a town, involving the title and right of possession of a courthouse built by the county on land dedicated by the town for that purpose, where the Supreme Court affirmed the decree below for the orator, but remanded the case with directions that the decree be altered so as to protect the fee of the town in the land on which the courthouse stood, the provision of the decree on remand adjudging that the county was "the owner, entitled to the sole possession and use of the courthouse  *  *  *  *  and the land upon which the same stands", and that, in case the county should cease to occupy the building "for county purposes" the land should revert to the town, was improper, because of the allegation that the county owned the land on which the courthouse stood, and because of failure to provide for a reversion to the town upon the county ceasing to occupy the land for a courthouse site.

A decree rendered after mandate of the Supreme Court must comply with that mandate.

APPEAL IN CHANCERY, Bennington County, June Term, 1914. Heard on the pleadings and the mandate of the Supreme Court as reported in 87 Vt. 555, *Miles*, Chancellor. Decree for the orator. The defendants appealed. The opinion states the case.

*Edward C. Bennett* and *T. W. Moloney* for the orator.

*M. C. Webber* for the defendants.

PER CURIAM. The only question presented by this appeal is whether or not the altered decree complies with the directions sent down when the case was decided by this Court as reported in 87 Vt. 555.

The decree, in its present form, asserts that the orator "is the owner, entitled to the sole possession and use of the county building or courthouse described in said bill of complaint, *and the land upon which the same stands.*" It also provides that "in the event that the county at any time should cease to occupy the said buildings *for county purposes,*" the land shall revert to the town.

The defendants object to the words italicised. It is plain enough from the opinion handed down by us when the case was here before, that the assertion that the county owns the land on which the courthouse stands is wholly incorrect. This statement is contrary to the holding, and should be eliminated from the decree.

It is equally plain that the provision regarding the occupancy of the land for county purposes, which might include purposes not contemplated when the dedication was made, is too broad, and should be so restricted as to provide for a reversion if the county should cease to occupy the land for a courthouse site.

The suggestion that these questions are purely academic and could not endanger the rights of the orator are of no force, since it is now a question of compliance with a mandate. See *Davis* v. *Davis*, 82 Vt. 228.

*Decree reversed and cause remanded that the decree may be made to conform to the mandate in the particulars herein named.*