NELLIE M. KELLY *v.* CLEMENT NATIONAL BANK.

Special Term at Rutland, November, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*William L. Scoville* for the plaintiff.

*Fenton, Wing & Morse* and *R. Clarke Smith* for the defendant.

SHERBURNE, J. In 1934 the plaintiff gave the defendant a mortgage upon a piece of land in the city of Rutland. Upon the default of the plaintiff the defendant commenced foreclosure proceedings and obtained a decree on February 9, 1937. The time fixed for redemption is not found, but, as suggested by the plaintiff, we assume that it was the usual period of one

year according to Chancery Rule 38, sec. 4. Prior to March 9, 1938, the defendant had not interfered with the plaintiff's possession of the property or with her collection of rents from the tenant thereon; but on that date the defendant had a certified copy of its foreclosure decree recorded in the city clerk's office, and notified the tenant then in possession of the property to pay rent to it. Thereafter the tenant paid to the plaintiff the unpaid balance of his rent for March, 1938, and in April and May paid to it the rent for those months. Later the decree of foreclosure was modified so as not to expire until August 31, 1938, and by agreement between the parties hereto the rents for June, July and August after being paid to the defendant were turned over to the plaintiff. This suit is for the recovery of the rents paid to the defendant for March, April and May.

Although the plaintiff admits that she did not redeem, she insists that the conclusions of the court below, that she was not entitled to recover, and that the defendant was entitled to the rents and profits after the notice to the tenant and his payment of the rent to the defendant, are erroneous.

■■ The findings relative to the modification of the decree of foreclosure after it had become absolute are scant, and it is difficult to infer anything that conferred upon the chancellor power to disturb a title to real estate which had vested. See *People's Trust Co. of St. Albans* v. *Billado,* 108 Vt. 27, 182 Atl. 206. However, so far as the right of the plaintiff to recover in this action is concerned, we will take the position most favorable to the plaintiff and assume that the decree was properly modified. The effect of such modification was to restore the relation of the parties to that of mortgagor and mortgagee.

■ The condition of the mortgage was broken. After condition broken the mortgagee becomes at law the absolute owner of the property and is entitled to immediate possession, and may, without notice, enter upon the property and take possession thereof, if he can do so peaceably and unresisted. *Crahan* v. *Town of Chittenden and Manning,* 82 Vt. 410, 415, 74 Atl. 86; *Fuller* v. *Eddy,* 49 Vt. 11; *Lull* v. *Matthews,* 19 Vt. 322. When a lessee of the property in such case attorns to the mortgagee and becomes his tenant, as was done in this case when the tenant after notice to do so paid his rent to the defendant, there is a constructive eviction which extinguishes his liability to the

mortgagor, and thereafter he can only be considered as holding possession of the property for the mortgagee. *Stedman* v. *Gassett*, 18 Vt. 346; *Mason* v. *Gray*, 36 Vt. 308; *Trask* v. *Fountain*, 93 Vt. 83, 106 Atl. 559.

The defendant had the same right after the decree of foreclosure, as before, to take possession of the mortgaged property and to get the plaintiff's tenant to attorn to it, and it was liable to account to the plaintiff upon the mortgage debt for the rents received before the decree finally became absolute. *Hill* v. *Hill*, 59 Vt. 125, 128, 129, 7 Atl. 468. But it is not accountable at law for such rents. *Chapman* v. *Smith*, 9 Vt. 153; *Seaver* v. *Durant*, 39 Vt. 103; *Hill* v. *Hill*, *supra*.

*Judgment affirmed.*