BURLINGTON BUILDING & LOAN ASSOCIATION *v.* CUMMINGS ET AL.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

*Martin S. Vilas, pro se,* for defendant Vilas.

*M. G. Leary* (*M. G. Leary, Jr.* and *B. J. Leddy* on brief) for plaintiff.

MOULTON, C. J. As amended this petition was brought for the purpose of having two certain mortgages, each covering a sepa-

rate parcel of land, in the City of Burlington, adjudged valid and foreclosed. The defendant Vilas is the only contestant and is hereinafter referred to as the defendant. The Chancellor adjudged the mortgages valid and entered a decree of foreclosure, computing the amount due on the mortgage debt as of November 10, 1938, from which the defendant appealed, the only issue raised by him being the validity of the mortgages. After the appeal was heard in this Court the decree was affirmed, although modified in a respect not here material, and a remand was ordered for the purpose of fixing a new time of redemption. See 111 Vt. 447, 17 Atl. 2d. 319.

■■ After remand there was another hearing at which the Chancellor entered a supplemental decree, limiting the time of redemption to four months. The defendant has appealed from this decree, and claims that there has been an abuse of discretion in fixing so short a period. He bases his contention upon the fact that the petition does not contain a motion for shortening the time, as required by Chancery Rule 38, para. 6, and insists that in the absence of such a motion, the provision of para. 4 of the same rule, by which a shorter time than one year can be ordered, does not apply. But by Chancery Rule 54, which refers to County Court Rule 56, it lies within the discretion of the Chancellor to take a case out of the rules, when justice requires it. In the original decree the time was four months, and no objection was made. We are referred to no evidence concerning the condition of security afforded by the properties covered by these mortgages. It does not appear that the Chancellor exercised his discretion on grounds clearly untenable or to an extent clearly unreasonable. *State* v. *Stacy*, 104 Vt. 379, 389, 160 Atl. 257, 747. In the absence of a showing to the contrary we will assume that he did not. The defendant's claim is unavailing.

Each mortgage expressly authorizes the plaintiff, in case foreclosure proceedings should be commenced to collect and receive all rents paid by tenants occupying the properties, and in case of a vacancy to lease the premises at such rental as it might deem reasonable and to apply all rents so collected as payments upon the mortgage debt. After the petition had been brought the defendant was enjoined from collecting the rents or interfering with the collection of them by the plaintiff, an injunction bond was required and furnished conditioned that the plaintiff should

pay to the defendant all rents collected by it from the tenant "in case that should be the final order and decree of the Court." Later on, it appears, one of the properties, situated at 63 Foster Street, was returned to the possession of the defendant during the pendency of the proceedings, but the other, at 29 Lyman Avenue, remained in the possession of the plaintiff.

At the hearing on the supplemental decrée the defendant presented a petition in which he stated that both of the properties had been rented while in the plaintiff's possession; that he did not know, and had been unable to ascertain from the files and records whether the rents collected by the plaintiff from the time it took possession, on June 9, 1938, to the date of the hearing on the original decree, November 10, 1938, had been credited upon the principal and interest due when the amount of the mortgage debt was settled by that decree; and prayed that an inquiry should be made. The Chancellor dismissed the petition, and this ruling has been made the subject of an exception.

▉ The rents received by a mortgagee in possession are payments upon the sum due in equity upon the mortgage. *Hill* v. *Hill et al.*, 59 Vt. 125, 129, 7 Atl. 468. This is so whether or not the mortgage so provides. They must be accounted for when such sum is found in a foreclosure proceeding, the mortgagor's right to an accounting being incident to his right of redemption; although this right may be extinguished not only by a release or an accord and satisfaction, but by his neglect to assert his claim to such an extent as to make it unjust to compel the mortgagee to account. *Howard* v. *Clark et al.*, 72 Vt. 429, 432, 48 Atl. 656.

▉ The original decree of foreclosure is conclusive as to the amount then due upon the mortgages and settles all questions of rents received by the mortgagee in possession. *Dewey* v. *Brownell*, 54 Vt. 441, 445, 41 Am. Rep. 852; *Chapman* v. *Smith*, 9 Vt. 153, 154. If these rents have not been made a part of the accounting they cannot be recovered in a subsequent action. *Howard* v. *Clark, supra,* at p. 434; *Hill* v. *Hill, supra; Seaver et al., Exers.* v. *Durant et al.*, 39 Vt. 103, 105. The remedy open to the mortgagor, if his right has not been lost, is a proceeding to reopen the decree. *Hill* v. *Hill et al., supra*; and see *Dewey v. Brownell, supra*; and *Chapman* v. *Smith, supra.*

▉ This is what the defendant has attempted, in effect, by his petition; at any rate we treat it so. The trouble is that he

does not say that the rents were omitted from consideration in determining the amount due under the original decree, but merely that he does not know, and has not been able to discover whether or not they were applied in part payment. The burden is, of course, upon him to show that this item of credit was not given. In the absence of even an allegation to this effect no valid reason for reopening the original decree for this purpose is given. The defendant was represented by counsel, to whom the decree was submitted before it was signed, and nothing to the contrary appearing we will assume that all legal credit was allowed. And, as we have seen, no objection to the decree upon this ground was urged on the former appeal.

 However, the petition also seeks to have the rents received since November 10, 1938, credited upon the sum due in equity. This was not done when the amount was determined as of the date of the supplemental decree, and, we think, the defendant is entitled to it. He is not precluded by the injunction bond, because, if for no other reason, the plaintiff is thereby obliged to pay him rents received during its possession only ''in case that should be the final order and decree of the Court.'' Obviously, without an order to this effect the bond would be worthless and, whether or not the premises should be redeemed, the plaintiff might be unjustly enriched. And even if such final order or decree should be made, the bond would add nothing to the defendant's protection because he could be compelled to pay no more than the mortgage debt reduced by the amount of the rents. He cannot be required to institute a separate action thereon.

By the finding of facts made as a basis for the original decree it appears that although the two mortgages were at first security for two separate mortgage notes, these obligations were later merged in one note, which was treated as secured by both the mortgages, and the sum due was computed as a single amount. No objection was raised to this finding at the time of the appeal from that decree. In the present proceeding the defendant asks to have the debt apportioned between the two mortgages.

 He did not raise this question upon the hearing on the supplemental decree. He attempts to raise it now in his amended bill of exceptions, filed after the supplemental decree had been entered. But the matter is not for our attention.

The defendant cannot question the propriety of the decree by an exception; under P. L. 1269 only such rulings as were made upon the trial can be brought before us in this manner. *Burlington Bldg. and Loan Ass'n.* v. *Cummings,* 111 Vt. 447, 462, 17 Atl. 2d. 319. Since no ruling upon this point was requested or made, the exception is unavailing. It is not necessary to consider the provisions of No. 34 of the Acts of 1941, for this statute did not take effect until after this appeal had been taken, and so, if for no other reason, is inapplicable.

■ The supplemental decree followed the terms of the mandate and in this there was no error. *County of Bennington* v. *Town of Manchester et al.,* 88 Vt. 439, 440, 92 Atl. 816; and see *Houghton* v. *Cook et al.,* 91 Vt. 197, 211, 100 Atl. 115. But we think that it should be reopened to permit an accounting for the rents.

*Decree reversed pro forma, and cause remanded with directions that the plaintiff account for the rents received by it during its possession of the mortgaged premises, since November 10, 1938, the amount thereof to be credited upon the mortgage debt and interest. Let a new decree be entered for the balance found due on the date of such decree, and a new time of redemption be fixed. Let the plaintiff recover its costs.*