Alex P. FOX and Cerre M. Fox, Plaintiffs-Appellants,

v.

BOHEMIAN SAVINGS AND LOAN ASSOCIATION, Defendant-Respondent.

No. 47294.

Missouri Court of Appeals, Eastern District, Division Four.

May 22, 1984.

Stephen M. Hereford, Gentry, Bryant & Hereford, Clayton, for plaintiffs-appellants.

Robert C. Jones, Ziercher, Hocker, Human, Michenfelder & Jones, Clayton, for defendant-respondent.

GAERTNER, Presiding Judge.

In 1963 Plaintiffs purchased a parcel of real estate containing ten rental apartments and three commercial units. The purchase price of $75,000 was paid $12,000 in cash, a note in the amount of $60,000 secured by a first deed of trust, and a note in the amount of $3,000 secured by a second deed of trust. Defendant, the holder of the first deed of trust, in April, 1971 notified plaintiffs it was exercising its option under the deed of trust to take over possession and management of the property, payments on the note then being two months, approximately $1,280, in default. Defendant did manage the property from that time until February, 1976. Rental income from the property was applied to expenses, insurance, taxes, etc., and any balance to principal and interest on the note. By February, 1976, the loan was twenty-three monthly payments in arrears, approximately $13,720. Defendant then exercised its right of foreclosure and the property was sold at foreclosure for $52,-981.68, the exact amount of the balance owing to defendant on plaintiff's note.

In 1978, plaintiffs brought an action against defendant seeking $100,000 in damages alleging in Count I that defendant breached its fiduciary duty by reason of mismanagement and failure to keep the property fully occupied at the highest obtainable rent, and, in Count II, that defendant was negligent by reason thereof. In April, 1981, during the trial on this petition, plaintiffs voluntarily dismissed their lawsuit. In May, 1981, plaintiffs filed the instant action seeking $100,000 in damages. In Count I plaintiffs alleged a breach of fiduciary duty by the defendant by reason of mismanagement of the property. In Count II plaintiffs alleged they were damaged by reason of defendant's negligence in managing the property, and in Count III plaintiffs alleged they were damaged by reason by defendant's breach of a contractual obligation to restore the property to profitability. The case was tried before a jury and was submitted by plaintiff on the negligence theory alleged in Count II. The jury found in favor of plaintiffs and awarded them damages in the amount of $50,000. Defendant filed a post trial motion for judgment notwithstanding the verdict or for a new trial. The trial court sustained the motion for new trial on the grounds of improper jury instructions. Plaintiff appeals.

We must first address the contentions of defendant that plaintiffs failed to plead or prove a case upon which relief could be granted. These contentions have been preserved in defendant's post trial motion and are cognizable upon plaintiffs' appeal from the order granting defendant a new trial. *Robbins v. Jewish Hospital of St. Louis,* 663 S.W.2d 341, 344 (Mo.App.1983).

■ Defendant first contends that the cause of action asserted in Count II of the second petition is barred by the Statute of Limitations, § 516.120(4), RSMo 1978. Arguing that there is a substantial difference between the allegations of the first and second petition, defendant maintains the Saving Statute, § 516.230, RSMo 1978 allowing a year after non-suit to refile an action, is inapplicable. A comparison of

the first and second petitions shows that both charged breach of fiduciary duty and negligent mismanagement. The allegations of the second petition are more specific and detailed, but we cannot say that a new or different cause of action is stated in Counts I and II. Defendant's contention is without merit. *State ex rel. Blackburn Motor Co. v. Litzinger*, 417 S.W.2d 126, 129 (Mo.App.1967).

Defendant's challenge to the submissibility of plaintiffs' case is founded upon defendant's argument that plaintiffs have mistaken their remedy. It is defendant's contention that under any pleaded theory, and particularly under the negligence theory submitted to the jury, plaintiffs' exclusive remedy was in an equitable proceeding for accounting, and not in an action at law. We are constrained to agree.

The last controlling decision of the Supreme Court of Missouri regarding the rights of a mortgagor against a mortgagee who takes over possession and management of the mortgaged property is *Baker v. Cunningham*, 162 Mo. 134, 62 S.W. 445 (1901).

> The mortgagee in possession takes the rents and profits in a quasi character of trustee or bailiff of the mortgagor. In equity he must apply them as an equitable set off to the amount due on the mortgage.... The mortgagor's right to hold the mortgagee to account for rents and profits of the mortgaged premises, or for waste done to them, must be enforced in equity, and not by suit at law.

*Id.* 62 S.W. at 446.

Despite the age of this pronouncement, it is the latest statement of the Missouri Supreme Court regarding the very issue presented by defendant's contention and we are not at liberty to disregard it. Moreover, other jurisdictions addressing the procedural aspects of the liability of a mortgagee in possession have reached the same conclusion. Such a mortgagee is liable to account to the plaintiff for rents received "[b]ut it is not accountable at law for such rents." *Kelly v. Clement National Bank*, 111 Vt. 65, 10 A.2d 201, 202 (1940).

"[A]ccounting between mortgagor and mortgagee belongs exclusively to the jurisdiction of the Court in equity...." *Gallagher v. Aroostook Federation of Farmers*, 136 Me. 88, 2 A.2d 169, 170 (1938). *And see Brannock v. Fletcher*, 271 N.C. 65, 155 S.E.2d 532 (1967); *Murray v. Wiley*, 180 Or. 257, 176 P.2d 243 (1947); *Joyner v. Bernard*, 153 Fla. 372, 14 So.2d 724 (1943); *Coon v. Henderson*, 242 Ala. 144, 5 So.2d 397 (1941); *Burlington Building and Loan Association v. Cummings*, 112 Vt. 122, 22 A.2d 377 (1941). Commentaries on the subject have all examined the problem within the context of an equitable accounting. 3 Powell on Real Property, § 454 (1981); Osborne, Nelson, and Whitman, Real Estate Finance Law, § 4.31 (1979); 55 Am.Jur.2d, Mortgages, § 224 (1971); IV American Law of Property, § 16.97 (1952).

These authorities clearly establish that a mortgagee who takes over possession and management of the mortgaged property may be liable to the mortgagor to account for the rents and profits received, or which should have been received by the exercise of diligent management, less expenses. This measure of damages is particularly appropriate to an equitable action for accounting. We have discovered no authority holding the mortgagee liable in an action at law for any diminution of value of the property, the measure of damages submitted to the jury in the instant case.

Accordingly, the order of the trial court setting aside the verdict of the jury and granting the defendant a new trial is affirmed and the cause is remanded for retrial as an equitable action for accounting.

SMITH and STEPHAN, JJ., concur.