THOMAS HOOPER *v.* GEORGE W. WILSON.

LAMOILLE,
*August,*
1839.

A mortgagor, or his assignee, is the *owner* of the land and has a legal right to use and occupy the same until the mortgagee asserts his right of entry for condition broken, by action or by *actually taking possession.*

THIS was trespass, *quare clausum fregit.* Plea, not guilty, and trial by jury.

The only trespass proved and relied upon was the use of a certain saw-mill by the defendant, for about one week during the latter part of the month of January, 1838. The plaintiff read in evidence a mortgage deed, dated November 19, 1836, of the land mentioned in the declaration, and including the mill aforesaid, executed by one Jotham Wilson to the plaintiff, to secure the payment of certain promissory notes, made payable previous to the trespass complained of, and which it was conceded had never been fully paid. The mortgaged premises were conveyed by said Jotham Wilson to the defendant, on the 4th day of October, 1837, and after the notes aforesaid became payable. The plaintiff introduced evidence tending to prove that the possession of said farm with the mill, aforesaid, was surrendered to him by the said Jotham Wilson and the defendant, in October, 1837; that he took possession and occupied said farm and mill, and that the defendant afterwards resumed the use of said mill without the license or consent of the plaintiff.

The defendant introduced evidence tending to prove that no surrender of possession was made, and that possession was continued by him, at least of the mill aforesaid, until after the supposed trespass. It was proved that shortly before the trespass complained of, the plaintiff went to said mill and forbade the defendant's using the same, or coming upon any part of said farm. The defendant was then personally engaged in running said mill as he had been for some time before, and as he continued to do for about two weeks after. This continued use of the mill was the alleged trespass.

The court, having first decided that this prohibition by the plaintiff was not sufficient, without any actual change of possession, to convert the defendant's subsequent use of the mill into a trespass, instructed the jury, that, if they

should find from the evidence that the possession of the mill, whether separately or as part of the farm, was surrendered to the plaintiff as he had attempted to prove, or that he took and had actual possession of the same without any surrender, and that the defendant, without the plaintiff's license or consent, entered upon such possession of the plaintiff and used the mill, they should consider the defendant guilty of the trespass charged, and return a verdict for the plaintiff; but if they should not so find, and should find that the defendant's possession of the mill was continued through the fall of 1837, and till after the alleged trespass, they ought to return a verdict in his favor.

Verdict and judgment for the defendant; and to said decision and charge of the court, the plaintiff excepted.

*L. B. Vilas,* for the plaintiff.

The plaintiff had a title, at law, to the premises, against Jotham Wilson, and a full right of possession when the defendant took a deed from said Jotham, and, at law, the defendant acquired no right under it, as the said Jotham had nothing, at law, to convey, inasmuch as it had all been previously conveyed to the plaintiff and became vested in him. All the said Jotham conveyed to the defendant, was the right, in chancery, to redeem the premises. Therefore, whatever the defendant did on the premises was a trespass on the plaintiff's right, and he would be liable to the plaintiff, therefor, unless he could show a license from the plaintiff. The defendant must show that the plaintiff consented to his possession, under the deed from Jotham, or in some other way, or he would be a trespasser. He could not become possessed of the premises without the consent of the plaintiff. The jury should have been instructed to have found such consent of the plaintiff, or to treat all the doings of the defendant as trespasses. Jotham Wilson had no possession after the execution of his deed to the defendant, and the plaintiff was in possession, claiming the premises, and had the legal right of possession.

The defendant never had, or could have, without the consent of the plaintiff, any possession of the premises, and, therefore, nothing to surrender. All his acts were trespasses on the plaintiff's property.

Jotham Wilson had no legal right to the possession after

he deeded to the defendant. How, then, could he give a legal possession to the defendant? *Morey, adm'r.* v. *McGuire,* 4 Vt. R. 327.

*J. Sawyer and Maeck & Smalley,* for defendant.

The question presented in this case is, whether the mortgagee, before foreclosure, or entry for condition broken, can maintain trespass against the mortgagor, or his assignee, *for taking the ordinary profits* of the mortgaged premises.

To maintain trespass, *qu. claus.*, a general property is not in all cases sufficient; he must have actual possession. 1 Chit. Pl. 176-7. 2 Phil. Ev. 132. Ham. N. P. 163. 9 Johns. R. 61. 1 do. 511. 12 do. 183. 8 Mass. R. 411.

The grantee, when he has put his deed upon record, may probably maintain trespass, in this state, for a simple act done by a stranger; but this does not apply to a tenant, who came lawfully into possession under his landlord, when the landlord sues him for receiving the profits while in possession. There must be something done to determine the tenancy; and when a tenancy *in mortgage* exists, it can only be determined by an actual entry upon the land, after condition broken, and putting the tenant out of possession, or by foreclosure or a writ of possession.

In *Hatch* v. *Dwight et al.,* 17 Mass. R. 289, the court held that the mortgagee could maintain no action for any injury done to the estate, before an entry for condition broken. And, in *Johnson et al.* v. *Bartlett et al.* 17 Pick. R. 477, the court held that " a mortgage of land, before foreclosure or entry for condition broken, is personal estate."

The case of *Morey, adm'r.* v. *McGuire,* 4 Vt. R. 327, was decided entirely upon the ground that the mortgagor had surrendered the premises before he cut the timber.

The opinion of the court was delivered by

COLLAMER, J.—The mortgagor is the owner of the land, and, under our statute, is entitled to possession until condition broken. Even after this he is owner, and his widow is entitled to dower, &c., and the mortgagee is a creditor, having a lien on the land for his debt, with the right of possession. As between them the mortgagee is landlord and the mortgagor is tenant. Though much has been said as to the nature or name of such tenancy, it is universally allowed

that he is *tenant*, and therefore no trespasser, until the mortgagee has asserted his right of possession, and then the mortgagor has only the equity of redemption. This right of ownership, tenancy and equity of redemption the mortgagor may convey, and his assignee, on taking possession, holds the same relationship of tenant that the morgagor did, that is, he holds subject to the right of entry of the mortgagee.

This right of the mortgagee to take possession, before foreclosure of the equity of redemption, he seldom asserts, because, by so doing, he becomes accountable for the rents and profits, upon the mortgage. His taking possession, therefore, should be distinct and unequivocal and such as would clearly make him accountable for the use. It is not enough that he forbid the tenant to come upon the land, or to cut his crops or use his mill. He must tell him distinctly that he insists on taking possession himself, on his mortgage, and he must proceed actually to use and occupy. This defendant, as the assignee of the mortgagor, had the possession of the mill and was therefore a tenant and no trespasser. The plaintiff, as mortgagee, had the right of possession, but his telling the defendant not to run the mill or not to come upon the land was not *taking possession*. It would not render the plaintiff accountable for use until he actually took possession, and, until that time, the defendant was a tenant and not a trespasser.

Judgment affirmed.