Wilder v. Davenport.

ALONSON L. WILDER *v.* CHARLES N. DAVENPORT'S ESTATE; J. G. EDDY, ADM'R.

*Deed, Construction of. Description by Metes and Bounds. Number of Acres "More or Less." Statute of Limitations. Action of Covenant.*

1. A covenant to warrant and defend is assignable.

2. DESCRIPTION BY METES AND BOUNDS. A description of land by metes and bounds cannot be overcome by another clause as to the grantor's intent; thus, the description was: "Bounded * * * and west by Woodford line, supposed to contain 140 acres, more or less." Then came a further description of the lands, as being the same described in two mortgages assigned to the grantor and foreclosed, which was followed by this clause: "Intending to convey the same lands, and no other, which passed to me by virtue of the foreclosure of said mortgages." The description of the west boundary in one of the mortgages and in the decree was the same as in the deed; *Held,* that the first clause of the description by metes and bounds controlled, and not the last-one relating to the grantor's intent, although the grantee by such construction received more than 140 acres; and that the statement of the number of acres, "more or less," is matter of description, and not a covenant.

3. STATUTE OF LIMITATIONS. In an action for breach of covenant to warrant and defend, the Statute of Limitations is not a defence,—as such covenant runs with the land.

4. BREACH OF COVENANT. D. deeded to P. and took a mortgage back to secure the purchase price; P. deeded to B., and B., after D.'s mortgage debt was overdue, conveyed by quit-claim to the plaintiff. A creditor of the plaintiff levied an execution on the lands, and D. foreclosed and no one redeemed. There was an eviction as to a part of the land; *Held,* that the plaintiff could recover of D.'s estate for breach of covenant.

5. DEED—EVIDENCE. A deed shows no title of itself; and to make it proof of ownership it must be accompanied either with proof of possession corresponding to the deed or of title in the grantor.

6. PLEADING—REFERENCE. If the declaration was defective it was cured by reference.

ACTION of covenant. Heard on a referee's report, September Term, 1885, ROYCE, Ch. J., presiding. Judgment that the plaintiff recover for both of the sums reported by the referee.

The action was brought to recover damages of the defend-

ant's estate for the alleged breach of the covenant contained in a warranty deed from Charles N. Davenport to A. H. Potter, dated July 18, 1871, as set forth in his declaration. The plaintiff gave said deed in evidence. It was given to convey certain lands situated in the towns of Searsburg and Readsboro in Bennington county, described as follows : " Bounded north on lands formerly owned by Gorham & Carpenter, east on land formerly owned by David H. Raymond, trustee, south on lands of Halliday & Fuller, and west by Woodford line, supposed to contain 140 acres, more or less, and being all and the same lands which are described in a mortgage from James H. Shippee, to Leander E. Shippee, dated March 17, 1866, and in a mortgage from James S. Shippee and Mary C. Shippee to said James H. Shippee, dated September 2, 1866, both of which mortgages were afterwards conveyed to me and were foreclosed at the April term, 1871, of the Windham County Court of Chancery. Intending hereby to convey the same lands, and no other, which passed to me by virtue of the foreclosure of said mortgages."

The referee found that, if the plaintiff was entitled to recover for the 100 acres of land in Searsburg he should recover $125 and interest since eviction, amounting to $192.52; and, if he was entitled to recover for the land in Readsboro, he should recover the further sum of $202.

*Martin & Eddy*, for the defendant.

In construing deeds the object is to ascertain the intention of the parties. 2 Wash. Real Prop. 673 ; *Collins* v. *Lowell*, 44 Vt. 230 ; *Flagg* v. *Eames*, 40 Vt. 21.

One rule is that when more than one description is given and there is a discrepancy that description will be adhered to as to which there is the least likelihood that a mistake could be committed, and that natural objects control courses and distances. *Adams* v. *Warner*, 23 Vt. 395.

Another rule we contend for, to wit ; that when clauses in a deed are conflicting, other things being equal, the last clause shall be taken as expressing the true intent of the

parties. *Gilman* v. *Smith*, 12 Vt. 150; *Hubbard* v. *Hurlburt*, 10 Vt. 173. The covenants of seizin were not assignable. *Williams* v. *Wetherbee*, 1 Aik. 233; *Garfield* v. *Williams*, 2 Vt. 327; *Swazey* v. *Brooks*, 30 Vt. 692; *Clark* v. *Conros*, 38 Vt. 469.

The covenant to warrant and defend the premises is a covenant running with the land and is assignable, but in order to entitle covenantee to recover he must show an actual disturbance in the possession. 2 Greenl. Ev. 243; *Swazey* v. *Brooks, supra; Boyd* v. *Bartlett*, 38 Vt. 469.

*Haskins & Stoddard,* for the plaintiff.

The clause in the deed as to the grantor's intention is descriptive of the thing granted, and not of the quantity of the grantor's interest. Any other construction would do violence to everything in said deed which precedes and follows said clause. *Ela* v. *Card*, 2 N. H. 175; *Mills* v. *Catlin*, 22 Vt. 98; *Cutler* v. *Tufts*, 3 Pick. 273; *Morrow* v. *Willard*, 30 Vt. 118. The expression as to the number of acres is a part of the description, and will be rejected, if inconsistent with the actual area indicated by known boundaries. 3 Wash. Real Prop. 348; *Lippett* v. *Kelley*, 46 Vt. 516; *Powell* v. *Clark*, 5 Mass. 355 ; *Morrow* v. *Whitney*, 95 U. S. 551; *Belden* v. *Seymour*, 8 Conn. 19; *Hall* v. *Eaton*, 139 Mass. 217. The covenant was assignable. *Strong* v. *Converse*, 8 Allen, 559; *Pike* v. *Goodnow*, 12 Allen, 474; *Guernsey* v. *Kendall*, 55 Vt. 201. Booth could pass by quit-claim all his title and interest together with the covenant of warranty to the plaintiff. *Beardsley* v. *Knight*, 10 Vt. 185; *Henry* v. *Bell*, 5 Vt. 393; *Pingrey* v. *Watkins*, 15 Vt. 479; *Sherwood* v. *Barlow*, 19 Conn. 471.

The opinion of the court was delivered by

VEAZEY, J. The covenant to warrant and defend is a covenant running with the land and is assignable. The declaration declares upon a breach of this covenant in the

deed of Davenport to Potter in 1871. The referee finds in effect there was such breach provided the deed conveyed to the Woodford east line. The first question is as to the construction of the descriptive clause of that deed. The description on the west is this : "and west by Woodford line;" but this, after saying, "supposed to contain 140 acres more or less," is followed by further description as being the same lands which are described in two mortgages therein specified which were assigned to him and foreclosed. Then follows this clause : "Intending hereby to convey the same lands, and no other, which passed to me by virtue of the foreclosure of said mortgages." The referee finds as follows : " I do not find that said Davenport intended to convey any more or other lands than he acquired title to by his mortgages and decree, but he evidently supposed his land extended west to Woodford line." The defendant's counsel insist that the final clause in the description above quoted controls the previous description by metes and bounds and limits the amount of land described and conveyed to what Davenport actually owned. The description of the west boundary in one of the mortgages and in the decree was the same as in said deed. We think the last clause could not be treated as anything more than a reference to the mortgages and decree for further and more particular description, and that the grantee was only bound to so understand it. So that the case stands on a description by metes and bounds followed by reference to previous deeds containing the same description. It is hardly supposable that any man intends to convey by a warranty deed land that he does not own. It would therefore be introducing complete uncertainty in deeds if, after a precise description by metes and bounds without exception or reservation, such description could be overcome, when it turned out that the grantor did not own all he described, by adding a clause as to his intent, such as was done in this deed.

No copy of the second Shippee mortgage is before us, but

it is said that in the description therein the premises are bounded on the west by lands of Fuller, and that his land is east of the Woodford line. If this is so it does not aid the defendant ; because in the first mortgage the description, as before stated, was the same as in the Davenport deed, and the west boundary is on the Woodford line, and in foreclosing both mortgages together Davenport took a decree for all the land as described in the first mortgage. If the second mortgage did not embrace all the land east of the Woodford line the first one did. The case stands as to description therefore as though there had been but the first mortgage.

The fact that the land contained in the described boundaries was more than one hundred and forty acres cannot relieve the defendant estate; because when the boundaries designate the land with certainty such boundaries control the quantity although stated incorrectly in the deed. A statement of the number of acres, more or less, is mere matter of description and not an agreement or covenant on the part of the grantor. *Beach* v. *Stearns*, 1 Aik. 325 ; *Powell* v. *Clark*, 5 Mass. 355.

The defence of the Statute of Limitations, which is urged, does not avail as to the breach of the covenant of warranty, as that runs with the land. If the declaration as to that covenant was defective, it was an amendable defect and was cured by the reference.

But another question arises on these facts: Davenport conveyed to Potter as aforesaid in 1871. Potter mortgaged back to Davenport to secure a part of the purchase price. Potter conveyed to Booth in 1873 by deed of warranty but excepting in his covenants the mortgage to Davenport to the amount of $200 and interest which Booth therein assumed. Booth did not pay this debt but conveyed to the plaintiff Wilder by quit-claim in 1876, making no mention therein of the Potter-Davenport mortgage; and at this time the mortgage debt was overdue. The description in all these deeds by metes and bounds was the same as to the

west boundary. In 1877 one Mason, a creditor of Wilder, recovered judgment against him for $548.22 and levied execution on the same lands as described in Davenport's deed to Potter, and the levy and set-off were made thereon as the lands of Wilder subject to the mortgage from Potter to Davenport. The latter foreclosed in 1880, and no one redeemed. Wilder's equity of redemption was insufficient to satisfy said execution.

Hereon two points of defence are urged. First, that Wilder had the full benefit of said land and therefore has no right of action against the defendant, having suffered no damage even if the covenant in his deed was broken. Second, that Davenport, and not Wilder, had the legal title at the time of Wilder's alleged eviction, on the ground that the Potter-Davenport mortgage was overdue when Wilder took his deed, and Booth, who was Wilder's grantor, held expressly subject to that mortgage.

As to the first point, we hold that the incidental benefit to Wilder by the Mason levy was not a satisfaction of the breach of covenant in the Davenport deed. Davenport cannot invoke Mason's oversight and loss to cure his own error in conveying land that he had no title to. At law *he* must make good the covenants of his deed. He cannot stand on his grantee's good fortune resulting from a blunder of the grantee's creditor, who was doubtless misled by the error in the deed now complained of. We see no legal ground upon which the equities between the three parties can be settled in this suit at law for breach of covenant.

As to the second point, we think it is not well taken. Davenport sold and conveyed land that he did not own. The plaintiff through *mesne* conveyances succeeded to the same record title that Davenport passed to Potter. Davenport might have asserted his right of possession after the condition of his mortgage from Potter was broken, but he did not until after the plaintiff took his title. The latter was under no personal responsibility to pay the mortgage,

and the payment of it would not secure him what Davenport undertook to sell and what the plaintiff subsequently purchased. The mortgagor is the owner of the land even after condition broken if the mortgagee has not asserted his right. *Hooper* v. *Wilson*, 12 Vt. 695. The mortgagee is a creditor having a lien on the land for his debt with the right of possession. The mortgagor may convey all his interest. Jones Mort. s. 676; *Hooper* v. *Wilson, supra.* And it may be by deed of release and quit-claim. *Pingrey* v. *Watkins*, 15 Vt. 485; 2 Wash. Real Prop. 642 (2d ed.). The plaintiff took the same right against Davenport on his covenant of warranty that he would have taken if Potter had not mortgaged back to Davenport. It was not a right connected with the mortgage. Davenport's covenant was none the less broken by his taking a mortgage from his grantee to whom he covenanted, and the damages were none the less for the breach. The conveyance by mortgage was for security of a part of the purchase price, not a bargain and sale for consideration. The decree of foreclosure may have been suffered without redemption because there was nothing of value to redeem, for the reason that the Davenport deed conveyed nothing or but little of value in comparison with what was therein described and to which the broken covenant applied.

As to the eviction, the defendant does not claim but that there was an eviction as to the land in Searsburg, but denies any eviction as to the land in Readsboro. We sustain the defendant on this point. The case was argued in behalf of the plaintiff as though the referee had found and reported a valid paramount outstanding title in a stranger when Davenport conveyed, as to the Readsboro land as well as the Searsburg land; and thereon it was argued that such title constitutes an eviction without any actual possession or assertion of right by the stranger or attempted possession by the plaintiff.

Without passing on the legal point, it is sufficient answer that it is based on a false assumption of fact. As to the

Searsburg land the referee has found that there was such out-standing title, but not as to the Readsboro land. As to the latter, he simply reports certain conveyances prior to Daven-port's title, and in another line, but does not find an actual ownership and title thereunder. A deed shows no title of itself in the grantee. To make it proof of ownership it must be accompanied either with proof of possession correspond-ing to the deed or of title in the grantor. *Bank of Middle-bury* v. *Rutland*, 33 Vt. 414; *Potter* v. *Washburn*, 13 Vt. 558.

Judgment reversed with costs to the defendant in the Su-preme Court. Judgment for the plaintiff for $125, and in-terest since the eviction, and costs in the County Court.