**In re Maxwell FRAZER, Debtor.**

**Bankruptcy No. 98–11881.**

United States Bankruptcy Court,
D. Vermont.

Aug. 30, 1999.

Bernard M. Lewis, Obuchowski Law Offices, Bethel, VT, for Debtor.

Norman Williams, Gravel and Shea, Burlington, VT, for Creditor.

### RULING ON MOTION FOR RELIEF FROM AUTOMATIC STAY

ROBERT L. KRECHEVSKY, Bankruptcy Judge.[1]

I.

The matter before the court is a contested motion for relief from the automatic stay imposed by Bankruptcy Code § 362(a)[2], filed by Merchants Bank ("the

---

1. Sitting by assignment of the Judicial Council of the Second Circuit.

2. Section 362(a). Automatic stay.

   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 operates as a stay, applicable to all entities, of—

   (1) the commencement or continuation, including the issuance or employment of process of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

   (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

   (4) any act to create, perfect, or enforce any lien against property of the estate;

movant") in the Chapter 11 case of Maxwell Frazer ("the debtor") concerning realty known as "Max's Country Village Inn" and "Mr. G's Restaurant" located on Route 131, in Ascutney Village, Town of Weathersfield, Vermont ("the property"). Specifically, the movant seeks a decision from the present court concerning the continued running of a mortgage redemption period, established pre-petition by a state court in a strict foreclosure proceeding[3], when the mortgagor files a bankruptcy petition. The movant forthrightly states that the ruling it requests would be contrary to prior rulings, in like circumstances, made by two previous Vermont Bankruptcy Judges.

The two prior rulings, identified in the movant's Memorandum Of Law In Support Of Motion, are *In re Shea Realty, Inc.*, 21 B.R. 790, 792 (Bankr.D.Vt.1982) (Marro, B.J.) ("[U]ntil the redemption period actually expires Debtor holds a property right.... [s]ubsection (a)(2)(3) and (4) of Section 362 would be violated by the continued running of the redemption period in a mortgage foreclosure action."); and *In re L.H. & A. Realty Co., Inc.*, 57 B.R. 265, 268 (Bankr.Vt.1986) (Conrad, B.J.). (same, plus Section 108 is an "administrative not a substantive provision," such as § 362(a) which tolls the period of redemption.). Judges Marro and Conrad thus each held

that the filing of a bankruptcy petition stayed, pursuant to the provisions of § 362(a), the running of an unexpired redemption period established in a state-court strict mortgage foreclosure action. These holdings considered and denied the relevance of Bankruptcy Code § 108(b)[4] in such circumstances.

The movant argues that the decisional law the *Shea* and *L.H. & A.* courts relied upon in their rulings "can no longer be considered good law ... [or] sound precedent." (Movant's Mem. at 4–5.) The movant further asserts: "Indeed, the case law in other jurisdictions now appears to be unanimous in holding that state law equity of redemption periods are not stayed by section 362." (*Id.* at 5.) The movant requests, based upon the uncontested facts established in its motion, that the court direct the debtor to relinquish the property to the movant. (Motion at 6.)

The debtor filed an objection to the granting of the movant's motion. The debtor, in effect, argues the rulings of Judges Marro and Conrad that have guided Vermont bankruptcy practice for the past 17 years should remain undisturbed. (Objection at ¶¶ 9, 10 (citing *Shea,*) *L.H. & A.* and *In re Driscoll*, 223 B.R. 665 (Bankr. D.Vt.1998)("[T]he running of the redemption period is tolled through the pendency of the case, or, until the stay is lifted.")).

---

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1)-(6).

3. "Strict foreclosure does not involve a foreclosure sale. Upon the borrower's default, the court will normally set a time period in which the borrower may pay off or redeem the mortgage debt. If the borrower fails to do so in the allotted time, the lender is given an immediate right to possession of the property. Strict foreclosure is the normal method of foreclosure only in Connecticut and Vermont." Baxter Dunaway, *The Law of Dis-*

tressed *Real Estate: Foreclosure, Workouts, Procedures* § 12.16 (1999).

4. Section 108(b) provides:

(b) ... if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition,....
  (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
  (2) 60 days after the order for relief.

11 U.S.C. § 108(b).

## II.

The movant's motion, filed on June 24, 1999, alleges as facts (net contested by the debtor in his responsive papers) that the movant, the holder of a mortgage on the debtor's property, commenced a strict foreclosure action on January 18, 1998 in the Vermont Superior Court; that the superior court, pursuant to a stipulation signed by the debtor on September 11, 1998, entered a "Consolidated Judgment Order and Decree of Foreclosure" which established September 15, 1998 as the redemption date for the debtor—i.e., the date by which the debtor shall pay the mortgage debt, or, if not, "then the equity of redemption of the said [debtor] ..., shall be foreclosed and forever barred from any and all equity of redemption in and to [the property]. ...and [the movant] ... shall be entitled to title, possession and ownership of [the property]"; that the debtor on or about September 14, 1998 filed a petition under Chapter 13 of the Bankruptcy Code; that on or about December 15, 1998 the bankruptcy court dismissed the Chapter 13 petition and on December 16, 1998 the debtor filed a petition under Chapter 11 [5]; and that the movant never received payment of its mortgage debt as established by the superior court.

The motion asserts that by reason of the foregoing facts and the operation of § 108(b), the debtor's bankruptcy petition filed on September 15, 1998 "may have extended the equity of redemption period by 60 days... to not later than November 13, 1998" and since the debtor did not then, or after, so redeem, the debtor's "equity in such Property is foreclosed." (Motion at 5.) Accordingly, the motion requests that the court order the debtor to relinquish the property to the movant.

## III.

The Second Circuit Court of Appeals has not ruled on whether, under the circumstances described in Section II, § 362(a) stays the running of the redemption period or whether the redemption period running is subject only to the 60–day grace period of § 108(b).

The movant's argument fails to note the distinction between a mortgagor's equity of redemption, which is a property interest that exists prior to the passing of title, and a right, available only in those states where statutes so provide, to repurchase the already foreclosed property from a buyer following a foreclosure sale. While the movant's Memorandum cites several courts of appeal decisions in support of its contention that § 108(b) should be the applicable Bankruptcy Code provision, all but one of these decisions concerned a debtor's statutory right of redemption following a foreclosure by sale.[6] *See Johnson v. First Nat'l Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Federal Land Bank of Louisville v. Glenn (In re Glenn ),* 760 F.2d 1428 (6th Cir.1985), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *Martinson v. First Nat'l Bank of Oakes (In re Martinson ),* 731 F.2d 543 (8th Cir.1984); *Goldberg v. Tynan (In re Tynan ),* 773 F.2d 177 (7th Cir.1985).

Unlike the circumstances in the decisions the movant cites, the instant proceeding does not concern a "statutory grace period," but a potential transfer[7] of

---

**5.** The movant and the debtor make no argument as to the effect, if any, of the dismissal of the debtor's Chapter 13 petition on one day and the filing of the Chapter 11 petition by the debtor on the next day, and the court will likewise disregard this circumstance.

**6.** The exception is *Heikkila v. Carver (In re Carver ),* 828 F.2d 463 (8th Cir.1987) concerning strict foreclosure under a contract for deed, also called an instalment land contract. However, foreclosure of such contracts is treated differently from mortgage foreclosures under the South Dakota statutes. *See* S.D. Codified Laws § 21–50–1 et seq.

**7.** Bankruptcy Code § 101(54) defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an

a property right. *Compare Counties Contracting & Construction Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1058 (cited by movant as applying § 108(b) "to a statutory grace period" for the payment of life insurance premiums), *with In re Shea Realty, Inc.*, 21 B.R. 790, 792 (Bankr.D.Vt. 1982) (equity of redemption is a "property right."). Further, contrary to the movant's unsupported assertion of the uniqueness of the two Vermont holdings, other bankruptcy courts in addition to Vermont have reached a like conclusion with regard to strict foreclosure of a debtor's equity of redemption. *See In re St. Amant*, 41 B.R. 156, 163 (Bankr.D.Conn.1984). ("[T]he involuntary transfer of ownership worked [postpetition] by the terms of the strict foreclosure judgment is the very thing which § 362(a) was designed to prevent."). *Cf. also In re Carr*, 52 B.R. 250, 262 (Bankr.E.D.Mich.1985) ("[T]he treatment of a redemption period in bankruptcy is dependent on the means by which that redemption period is established. Where it begins to run by operation of law *after* the change of equitable title, as in a foreclosure sale, the debtor retains no substantive ownership interest which passes to the bankruptcy estate. However, where the redemption period is established by judgment, and where, by the terms of that judgment, equitable title does not pass until after the redemption period has expired, the debtor retains an actual ownership interest.... The judgment ... is not final until the redemption period expires; thus, any further proceedings to obtain possession ... [or] an automatic transfer [would violate § 362(a)(1) ] ... § 362(a)(2) ... § 362(a)(3).") (emphasis in original; citations omitted).

The court finds the reasoning of the decisions cited by the movant inapplicable to the instant proceeding. Although the holdings of some of the decisions cited in *Shea* were later superseded in their juris-

dictions, those also concerned post-foreclosure-sale statutory rights of redemption, rather than post-petition expiration of redemption periods in strict or absolute foreclosure proceedings. *See, e.g., Moratzka v. Lanesboro State Bank (In re Johnson )*, 8 B.R. 371 (Bankr.D.Minn.1981).

The movant has presented no persuasive argument or authority to convince the present court to jettison the holdings that the automatic stay provisions of § 362(a) stay the foreclosure of the debtor's equity of redemption under Vermont law. The results reached in *Shea* and *L.H. & A.* are consistent not only with Vermont foreclosure law, but also with the policy considerations and legislative history of §§ 108(b) and 362(a) of the Bankruptcy Code. *See In re St. Amant*, 41 B.R. at 160–64.

### IV.

For the foregoing reasons, the court concludes that the debtor's equity of redemption is property of the bankruptcy estate and is subject to the automatic stay provisions of § 362(a). Inasmuch as no other argument has been offered by the movant for the granting of its motion, the motion for relief from the automatic stay must be, and hereby is, denied. The debtor's request for an award of costs to defend the motion is completely unsupported, and is denied. It is

SO ORDERED.

---

interest in property, including ... foreclosure of the debtor's equity of redemption." 11

U.S.C. § 101(54).